UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BASHIR HAJJAR and IZET JASARAJ, on behalf of
themselves and on behalf of all other similarly
Situated persons,

                                        Plaintiffs,

        - against –                                            15 CV 1082 (VSB)

ANGELO OF MULBERRY STREET, INC., and
GIOVANNI APREA, CONCETTA "TINA" APREA
RINO APREA, TERESA APREA, and
LUIGI "GINO" SILVESTRI, in their personal
and professional capacities,

                                        Defendants.
----------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

      This Settlement Agreement and General Release ("Agreement") is made and entered into on the ___ day of November, 2015 by and between Bashir Hajjar ("Hajjar") and Izet Jasaraj ("Jasaraj" and collectively with Hajjar "Plaintiffs"), and Angelo of Mulberry Street Inc., Giovanni Aprea, Concetta "Tina" Aprea, Rino Aprea, Teresa Aprea, and Luigi "Gino" Silvestri (collectively "Defendants" and together with "Plaintiffs" the "Parties").

                                        W I T N E S S E T H:

      WHEREAS, Hajjar and Jasaraj commenced this action against Defendants on or about February 17, 2015;

      WHEREAS, Defendants filed an Answer to the Complaint and denied the material allegations contained therein; and

      WHEREAS, the Parties have agreed to fully and finally resolve all claims and potential claims brought by Plaintiffs against the Defendants in an effort to avoid the time, costs, and uncertainties associated with litigation;

      NOW, THEREFORE the Parties hereby agree to settle this action under the following terms:

1.      This is a Settlement Agreement and Release ("Agreement") between the Defendants and Plaintiffs in which each of the Plaintiffs voluntarily releases the Released Parties (as defined

below) from any and all claims in exchange for the Settlement Payment set forth in paragraph 2 below.

2.  Each Plaintiff's acceptance of this Agreement and Release and discontinuance, with prejudice, of the pending action against Defendants are required as conditions for his receipt of the benefits described herein. In consideration of Plaintiffs' acceptance of this Agreement as shown by their signatures below, Defendants have agreed to pay the sum of Thirty Thousand Dollars ($30,000.00) (hereinafter referred to as "Settlement Payment") in full and final settlement of all claims asserted in this action. Said Settlement Payment will be paid by December 31, 2015, provided each Plaintiff has executed this Agreement and a Stipulation of Discontinuance with Prejudice has been filed. In the event the Court has not approved this Agreement by December 31, 2015, payment will be made no later than 10 business days after the date of approval.

Settlement Payment shall be paid by checks made out as follows: (i) 1 check made out to Wigdor LLP in the amount of $11,614.36, representing attorneys' fees and legal expenses; (ii) 1 check made out to Bashir Hajjar in the amount of $4,596.41 minus applicable withholdings, representing alleged unpaid wages, and for which he will be issued a Form W2 (iii) 1 check made out to Bashir Hajjar in the amount of $4,596.41 representing alleged interest and liquidated damages, which shall be reported on a Form 1099; (iv) 1 check made out to Izet Jasaraj in the amount of $4,596.41 minus applicable withholding representing alleged unpaid wages, and for which he will be issued a Form W2; and (v) 1 check made out to Izet Jasaraj in the amount of $4,596.41 representing alleged interest and liquidated damages, which shall be reported on a Form 1099.

In the event the Court does not approve any portion of the proposed attorneys' fees and legal expenses award, such amount will be distributed to the Plaintiffs equally and will be reported on a Form 1099.

3.  In exchange for the payments set forth in paragraph 2, Plaintiffs hereby agree to immediately discontinue, with prejudice, their claims in the action captioned *Bashir Hajjar, et al. v. Angelo of Mulberry Street Inc., et al.*, 15-CV-1082, filed in the United States District Court for the Southern District of New York. Plaintiffs agree to file the Stipulation of Discontinuance with Prejudice no later than seven (7) days after Court approval of this settlement. The parties will submit a joint request for settlement approval within 14 days of the date of full execution of the Agreement.

4.  In addition, in exchange for the payment set forth in paragraph 2, each Plaintiff hereby unconditionally releases the Defendants, their successors and assigns, and all of their past, present, and future officers, directors, employees, representatives, agents or attorneys (the

"Released Parties"), from any and all claims, liabilities, promises, agreements, and lawsuits (including claims for attorneys' fees and costs actually incurred) of any nature arising out of the payment of wages, including but not limited to those relating to the Fair Labor Standards Act and the New York Labor Law, and attorneys' fees or damages in relation thereto (including contract, compensatory, punitive or liquidated damages thereto) or equitable relief, which he has had or which his heirs, executors, or assigns have, against any or all of them, whether known or unknown, on account of or arising out of his employment with Angelo of Mulberry Street Inc. If a specific statute prohibits a waiver of claims thereunder, each Plaintiff hereby acknowledges that he has no valid claim under any such statute and/or that all monies paid hereunder shall be a set-off against any such claim, if a court permits such claim to be asserted.

5. Each Plaintiff hereby affirms and acknowledges that: with the exception of monies due to him pursuant to this Agreement, he has been paid and/or received all compensation, wages, bonuses, benefit payments, expense reimbursements, accrued vacation time, sick days, personal leave, commissions, and/or benefits to which he may be entitled and that no other compensation, wages, bonuses, benefit payments, expense reimbursements, accrued unused vacation time, sick days, personal leave, commissions and/or benefits are due to him from Defendants.

6. Each Plaintiff agrees that he shall not apply for employment with Angelo of Mulberry Street, Inc. in the future. Each Plaintiff further agrees that in the event that such an application shall be made, this Agreement shall be sufficient reason to deny employment.

7. Each Plaintiff represents and warrants that no promise or inducement has been offered or made except as herein set forth and that the consideration provided herein is the sole consideration for this Agreement. This Agreement is a complete Agreement and states fully all agreements, understandings, promises and commitments as between the Plaintiffs and the Defendants as to the settlement of all claims. Unless otherwise expressly set forth in this Agreement, it is understood and agreed that this Agreement specifically supersedes any and all prior agreements or understandings, written or oral, between each Plaintiff and the Defendants.

8. The monies set forth in paragraph 2 of this Agreement will be delivered to Plaintiffs' attorneys who shall be responsible for distribution of the settlement funds to each Plaintiff. Plaintiffs agree to hold the Defendants harmless and indemnify them from and against any claims or adverse actions by a party or third-party that may be made against Defendants arising out of or relating to such distribution.

9. Each Plaintiff shall be solely responsible for any taxes associated with any payments issued to him under this Agreement pursuant to an Internal Revenue Service ("IRS") Form 1099. Defendants make no representations or guarantees as to the tax consequence of the Settlement Payments. Each Plaintiff agrees that he will be solely responsible for any tax liability that may

arise from any Settlement Payment received by him pursuant to Form 1099, including but not limited to all income, payroll and withholding taxes, interest, penalties, fines, or any other costs that any governmental taxing authority may impose by reason of his receipt of said Settlement Payment. Each Plaintiff agrees to indemnify and hold harmless the Defendants from and against any claims or adverse actions by any governmental taxing authority that may be made against them or arising out of or relating to such Settlement Payments.

10. Nothing contained in this Agreement, or the fact of its submission to Plaintiffs, shall be admissible evidence in any judicial, administrative, or other legal proceeding, or be construed as an admission of any liability or wrongdoing on the part of the Defendants or any violation of federal or state statute, regulation or common law. To that end, the Defendants expressly deny that they engaged in any of the conduct alleged in the complaint in this action.

11. Each Plaintiff acknowledges that he has been represented by counsel throughout this action and that he has consulted with his counsel regarding the terms of this Settlement Agreement.

12. The Parties will be responsible for the payment of their own legal fees or costs, if any, incurred in connection with this action and the negotiation and settlement of this Agreement.

13. This Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to its principles concerning conflict-of-laws.

14. Plaintiffs agree that if any provision(s) contained in this Settlement Agreement and Release are declared illegal, unenforceable or ineffective by a legal forum of competent jurisdiction, such provision(s) shall be deemed severable, such that all other provisions shall remain valid and binding upon the Parties; provided, however, that, notwithstanding this or any other provision of this Settlement Agreement and Release, if any portion of the waiver or release of claims or rights is held to be unenforceable, the Defendants, at their option, may seek modification or severance of such portion and/or terminate the Settlement Agreement and Release and/or consider the Settlement Agreement and Release null and void.

15. Each Plaintiff acknowledges that prior to signing this Agreement he has had the opportunity to, and has been advised to seek the advice of an attorney regarding the waiver of claims and release set forth herein. Each Plaintiff further acknowledges that in signing this Agreement he has not relied on any promise or statement made by the Defendants or by any of their representatives, which is not set forth in this Agreement.

16. This Agreement may be executed by scanned signatures and in counterparts, each of which shall be deemed an original but together shall constitute on agreement.

16. If Plaintiffs or any Plaintiff must institute legal action to enforce the settlement payment terms of Paragraph 2 of this Agreement, they or he shall be entitled to recover from Defendants their or his costs of court, including all reasonable attorneys' fees, in addition to any other relief to which they or he may be entitled.

BASHIR HAJJAR

_____
Date: 11/6/15

IZET JASARAJ

_____
Date: 11/12/2015

ANGELO OF MULBERRY STREET INC.

By: _____ 12-3-15
Date:

GIOVANNI APREA

_____ 12-3-15
Date:

CONCETTA APREA

_____ 12-03-15
Date:

RINO APREA

_____
Date:

TERESA APREA

_____ 12-03-15
Date: